**Miles HAMPER, Plaintiff-Appellant,**

v.

**TRANSCON LINES CORPORATION, a corporation, Defendant-Appellee.**

**No. 465-69.**

United States Court of Appeals, Tenth Circuit.

May 5, 1970.

Leslie L. Conner and James M. Little, Oklahoma City, Okl., for appellant.

James D. Foliart, James W. Shepherd and George W. Dahnke, Oklahoma City, Okl., for appellee.

Before LEWIS, Chief Judge, and MURRAH and HOLLOWAY, Circuit Judges.

PER CURIAM.

We consider this appeal on a motion to affirm by appellee pursuant to Rule-10 of this Court (now Rule-8), and the briefs of both parties addressed to the motion. Examination of the record and briefs prompts the conclusion that the questions presented do not require further argument and are unsubstantial. We sustain the motion to affirm.

Appellant sought to enjoin Transcon from operating tractor-trailer combinations allegedly in defective condition. The amended complaint averred that Transcon had followed such a course of conduct for four years; that unless enjoined, such conduct would cause irreparable harm and bodily injury; that oil is allowed to drip and burn on the manifolds and other heated areas of the tractors; that cabs in defective condition allow fumes to accumulate; that such gases are injurious and can cause unconsciousness, constituting a hazard to drivers, employees and appellant and to highway users.

It was alleged that Transcon transports goods in interstate commerce and is subject to regulations of the Interstate Commerce Commission and has been issued permits to operate as an interstate carrier by the Commission; that Transcon is a party to a National Motor Freight Agreement prohibiting assignment of an employee to duties involving a dangerous condition in violation of a Government safety regulation; that jurisdiction is granted by 49 U.S.C.A. § 322(b); and that Transcon should be enjoined from the conduct alleged, grievance procedures having been ineffectual. No particular safety regulation of the Commission was alleged to have been violated and no personal injury to appellant was claimed.

The District Court considered the original and amended complaints and concluded that the Court lacked jurisdiction of the subject matter of the action since there is no allegation of past injuries or damages suffered by appellant. We agree that jurisdiction is lacking under § 322(b).[1]

Section 322(b) (1) permits the Commission to bring suit to enjoin violation by motor carriers or brokers of any provision of the motor carrier chapter, except as to reasonableness of rates, fares and charges and their discriminatory character. However, private suits are authorized by § 322(b) (2), but only in certain circumstances. § 322(b) (2) provides in pertinent part:

"(2) If any person operates in clear and patent violation of any provisions of section 303(c), 306, 309, or 311 of this title, or any rule, regulation, requirement, or order thereunder, any person injured thereby may apply to the district court of the United States for any district where such person so violating operates, for the enforcement of such section, or of such rule, regulation, requirement, or order. * * * "

The other statutory provisions enumerated above by § 322(b) (2) deal with operating certificates and permits and the like, and the private suits authorized were to enjoin unlawful operations in patent and clear violation of such operating limitations. See Baggett Transportation Co. v. Hughes Transportation, Inc., 393 F.2d 710, 714–715 (8th Cir.),

cert. denied, 393 U.S. 936, 89 S.Ct. 297, 21 L.Ed.2d 272, and Vol. 2, 1965 U.S. Code Congressional and Administrative News, pp. 2930–2931. However, safety regulations are provided for and issued under § 304, see 49 U.S.C.A. § 304 and 49 C.F.R., Parts 292, 293 and 296, and Congress omitted § 304 in designating sections whose violation may premise a private suit under § 322(b) (2).

Appellant argues that Transcon's certificate is conditioned on compliance with Government safety regulations, and so the question arises whether violation of such regulations may also constitute a violation of the statutory sections on certificates enumerated in § 322(b) (2) and thus sustain jurisdiction. However, we feel that such a theory may not support jurisdiction for a private suit under § 322(b) (2) in view of the clear intent to the contrary in the jurisdictional grant by omission of § 304 under which safety regulations are issued. United States v. Dixie Grain Co., 246 F.Supp. 705 (E.D.Tenn.), relied on by appellant, did involve safety regulations. However, suit was there brought by the Government to recover fines imposed by § 322(a) for violation of any provision of the motor carrier chapter of the statute, which includes § 304 under which safety regulations are issued.

We conclude that appellant's action under § 322(b) was not authorized by the statute and that the District Court properly concluded that it lacked jurisdiction.[2]

Affirmed.

---

1. By concluding that there was no basis in fact for any claim for damages by appellant the District Court thus appears also to have rejected appellant's diversity and jurisdictional amount allegations. No question is raised on this appeal concerning a claim of diversity jurisdiction.

2. Appellant's docketing statement raised a second question. It was whether the District Court was required to afford the Government an opportunity to intervene before the dismissal, when it was determined that appellant was not the proper

party to sue. § 322(b) (2) says only that the Commission shall be served with copy of the application, which the applicant shall certify to in the application, and that the Commission may appear as of right. The record does not show compliance by appellant with this requirement or that this point was raised in the District Court, and we do not reach it. In any event the notice and intervention provisions are geared to suits involving clear violations of operating restrictions, as discussed above, and would not apply here.