**SCHENCK TRANSPORTATION, INC. and Schenck Tours, Inc., Plaintiffs,**

v.

**INTER–COUNTY MOTOR COACH, INC. and Irving M. Smith, Defendants.**

**No. 72 C 57.**

United States District Court, E. D. New York.

Nov. 10, 1972.

Augello, Deegan & Pezold, by William J. Augello, Jr., Northport, N. Y., for plaintiffs.

Robert E. Goldstein, New York City, for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action for injunctive relief brought pursuant to the "self help" provisions of § 222(b) of the Interstate Commerce Act ("Act"), Part II, 49 U.S. C. § 322(b)(2),[1] alleges that defendants have provided bus transportation in clear and patent violation of the Act to plaintiffs' injury. Plaintiff Schenck Transportation, Inc. is a motor carrier, authorized by the Department of Transportation of the State of New York to transport passengers in charter service between various locations in Nassau County and elsewhere in New York State. A wholly owned subsidiary,

---

1. First enacted in 1965 as part of an amendment of § 222 of the Act, P.L. 89–170, Sept. 6, 1965, §§ 3, 4, 79 Stat. 649, the pertinent portion of the subparagraph reads:

(2) If any person operates in clear and patent violation of any provisions of section 303(c), 306, 309, or 311 of this part, or any rule, regulation, requirement, or order thereunder, any person injured thereby may apply to the district court of the United States for any district where such person so violating operates, for the enforcement of such section, or of such rule, regulation, requirement, or order. The court shall have jurisdiction to enforce obedience thereto by a writ of injunction or by other process, mandatory or otherwise, restraining such person, his or its officers, agents, employees, and representatives from further violation of such section or of such rule, regulation, requirement, or order; and enjoining upon it or them obedience thereto. A copy of any application for relief filed pursuant to this paragraph shall be served upon the Commission and a certificate of such service shall appear in such application. The Commission may appear as of right in any such action. The party who or which prevails in any such action may, in the discretion of the court, recover reasonable attorney's fees to be fixed by the court, in addition to any costs allowable under the Federal Rules of Civil Procedure. . . .

plaintiff Schenck Tours, Inc., however, does have federal authority to engage in charter operations between New York, N. Y., and certain states pursuant to a certificate of public convenience and necessity issued by the Interstate Commerce Commission ("I.C.C."). Schenck Tours, in turn, owns Teens n' Tours, Inc., which possesses a broker's license issued by the I.C.C. authorizing Teens n' Tours to arrange transportation of passengers in all-expense round-trip tours in special and charter operations from points in New York to points in the United States.

Defendant Inter-County Motor Coach, Inc. ("Inter-County"), with headquarters in Babylon, New York, holds a certificate of public convenience and necessity issued by the I.C.C. authorizing round-trip charter operations between points in Nassau and Suffolk Counties and a number of states. It also possesses a permit from the Department of Transportation of the State of New York for transportation between Nassau County and the towns of Babylon, Brookhaven and Islip in Suffolk County, New York, on the one hand, and New York City and Nassau, Suffolk, Westchester, Sullivan and Warren Counties, on the other hand. Defendant Irving M. Smith is the principal owner of Inter-County as well as of John Bosch, Inc., an operator of schoolbuses located in Babylon, N.Y. Bosch holds no authority from the I.C.C. or the State of New York.

The court previously issued a limited temporary restraining order and order to show cause why a preliminary injunction should not be granted on plaintiffs' ex parte representations by affidavit that they were then suffering and would continue to suffer immediate and irreparable loss of passenger custom if defendants were not confined to "lawful operations" in accordance with their certificates and I.C.C. regulations.[2]  Pri-

or to the hearing scheduled on the application for a preliminary injunction, defendants after answer made a motion to dismiss for "failure to state a cause of action", which the court here treats as a motion to dismiss this action for lack of subject matter jurisdiction.  Rule 12(b)(1), (h)(3), F.R.Civ.P.  For the reasons which follow, defendants' motion is granted.

Essentially plaintiffs claim that defendants are operating in clear and patent violation of the Act, to plaintiffs' injury, by (1) assessing charges lower than those published in Inter-County's applicable I.C.C. tariffs; (2) using an interstate certificate to perform non-certificated intrastate operations; and (3) soliciting charter groups from Nassau and Suffolk Counties to points in New York State for which they lack appropriate authority.  As proof of their charges, plaintiffs point to a series of transactions between Teens n' Tours and Inter-County.  These are evidenced by invoices annexed to the complaint from Inter-County to Teens n' Tours for charter movements.  Plaintiffs acknowledge that they were not injured by the rates charged in these particular transactions, which represented a benefit to their subsidiary, Teens n' Tours.  Nevertheless, they insist that the transactions are indicative of a widespread course of conduct resulting in the diversion of customers to plaintiffs' detriment.  In their brief and at the hearing plaintiffs conceded that all the movements in issue were conducted intrastate.

It is uncontroverted that Inter-County possesses I.C.C. authority to provide charter movements between points in New York when routed through another state but lacks similar authority from New York State for charters between the same points when routed intrastate.  Defendants assert that since the charters in question are conducted wholly within

2.  In addition to injunctive relief plaintiffs seek revocation of certificates issued by the I.C.C. to Inter-County insofar as they permit the transportation of passen-

gers between points within New York State, and demand attorney fees in an amount not less than $15,000 as well as costs.

New York State and not via interstate routes, the charters cannot give rise to a federal cause of action under the Act. Plaintiffs understandably do not claim that the possession of I.C.C. authority and the non-possession of State authority necessitates that Inter-County be operating at all times under its federal certificate. However, they maintain that the holding out by defendants to plaintiffs and others to the effect that Inter-County was operating under its I.C.C. certificate, estops Inter-County from "disclaiming the interstate character of the transportation contract entered into," and that consequently the controverted activities were violative of federal as well as State law.

■ The strenuous efforts of plaintiffs' counsel at the hearing and in his moving papers cannot conceal the fundamental weakness of plaintiffs' claims: defendants' charters, which would have violated federal law had they occurred in interstate commerce, simply did not occur in interstate commerce.

Nevertheless, plaintiffs rely heavily on a line of cases in which violations of the Act were found where carriers certified by the I.C.C. employed generally circuitous *interstate* routes to avoid State regulation. *E. g.*, Leonard Express, Inc. v. United States, 298 F.Supp. 556 (W.D. Pa.1969); Hudson Transportation Co. v. United States, 219 F.Supp. 43 (D.N.J. 1963). They argue that the "fact that the defendants herein attempted to evade *federal* regulation while the carriers cited in the aforementioned cases attempted to evade *state* regulation is immaterial." Nevertheless that distinction is critical for in the cases cited, the activities involved were in fact conducted in *interstate* commerce, and hence provided the foundation for finding a case arising out of the Act. Concededly defendants' operations via intrastate routes would not have violated the Act

if they had had neither federal nor State certification. The mere possession of an I.C.C. certificate cannot convert the same intrastate activities into violations of federal law.

The Act on its face recognizes the exclusive jurisdiction of the states over intrastate carriages, stating in 49 U.S.C. § 302(b)(1):

Nothing in this chapter . . . shall be construed . . . to interfere with the exclusive exercise by each State of the power of regulation of intrastate commerce by motor carriers on the highways thereof.

"Thus Congress expressly states the recognized fact that there are two fields of transportation: one interstate, the other intrastate, and that the regulation it provided was confined to interstate commerce." Tucker v. Casualty Reciprocal Exchange, 40 F.Supp. 383, 385 (N.D.Ga.1941).

■ Plaintiffs' estoppel argument borders on the frivolous. Defendants' alleged abuse of the I.C.C. certificate—using it to solicit intrastate charters—might in some way violate the Interstate Commerce Act, but such a violation cannot provide a bootstrap for finding federal district court jurisdiction to enjoin the solicitation and undertaking of intrastate charters. Furthermore, the alleged abuse of an I.C.C. certificate is not a "clear and patent" violation of §§ 303 (c), 306, 309, or 311 of the Act, or any rule, regulation, requirement or order thereunder, 49 U.S.C. § 322(b)(2). Hence primary jurisdiction for such abuse is in the I.C.C., and not in the federal district court. Cf. Hamper v. Transcon Lines Corporation, 425 F.2d 1178 (10 Cir. 1970).

Accordingly, lacking jurisdiction over *plaintiffs' claims, the court must dismiss the action.*

So ordered.